**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-66832-CRM |
| | ) | |
| JACOB MALHERBE, | ) | CHAPTER 7 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE MULLINS |
| | ) | |
| | ) | |
| HANSEN & HUNDEBOL, INC. AND | ) | |
| DEVELOPMENT CENTER HANSEN & | ) | |
| HUNDEBOL, A/S, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAND TECH, INC., JACOB MAHLERBE, | ) | |
| DARLENE COUSINEAU, | ) | |
| RHONDA KNIGHT, MATT DECKARD, | ) | |
| AND ROSE ANNA MAHLERBE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MOTION FOR AN ORDER AUTHORIZING**
**EXAMINATION PURSUANT TO RULE 2004**

COME NOW, Hansen & Hundebol, Inc. ("HH") and Development Center Hansen & Hundebol, A/S ("DCHH," with HH the "Movants"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and files this Motion for an Order Authorizing Examination Pursuant to Rule 2004, seeking Rule 2004 discovery from Sand Tech, Inc., Jacob Mahlerbe, Darlene Cousineau, Rhonda Knight, Matt Deckard and Rose Anna Mahlerbe (the "Respondents"). In support of their Motion, Movants show this Court as follows:

1.

Debtor filed for protection under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on April 12, 2005 in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division.

2.

On April 12, 2005, Martha Miller was appointed Chapter 7 Trustee in the above-styled case.

3.

Prior to the filing of this Case, Movants held a Federal court judgment against Debtor's father, Brent Mahlerbe, and two family-controlled "Quickwood" companies, QW, Inc. and Quickwood, ApS.  Also prior to the Petition Date, Movants filed suit against the Debtor in Gwinnett County Superior Court, Civil asserting, inter-alia, fraudulent transfer of assets from a company controlled by the Debtor's family, QW, Inc.  On January 18, 2000, Movants obtained a jury verdict and judgment against the Debtor for $494,000.00 in punitive damages, $350,000.00 in attorneys' fees, and $420,000.00 in compensatory damages (the "State Court Judgment"). (other judgments were obtained in the State Court against Brent Mahlerbe, QW, Inc., Quickwood, Inc and Quickwood Sales, ApS).

4.

On July 12, 2005, Plaintiffs filed a Complaint To Determine Dischargeability of Debt and Objecting to Debtor's Discharge against the Debtor in the United States Bankruptcy Court for the Northern District of Georgia, known as Adversary Proceeding No. 05-06298 (the "Adversary Proceeding") alleging, *inter-alia*, that Plaintiffs' debt under the State Court Judgment is non-

-2-

dischargeable under 11 U.S.C. § 523 based on the Debtor's willful and malicious injury to Plaintiffs' property.

5.

On July 14, 2006, the Court declared the State Court Judgment non-dischargeable by entry of its Consent Order Granting Joint Motion to (1) Approve Terms of Dismissal of Claims Under 11 U.S.C. § 727 From Adversary Proceeding Pursuant to Bankruptcy Rule 7041, (2) Approve Agreement for Relief From the Automatic Stay of 11 U.S.C. § 362 Pursuant to Bankruptcy Rule 4001(d) and (3) Grant Other Relief and entered a Judgment thereon (the "Consent Order and Judgment").

6.

In conjunction with the entry of the Consent Order and Judgment, the Debtor and Movants entered into a Settlement Agreement and Release, which provided at Paragraph 4 that Movants would be free to take discovery and investigate the Debtor's affairs to facilitate collection of the non-dischargeable State Court Judgment.  Specifically, the Debtor agreed, for himself and all businesses with which he is affiliated:

> that [Movants] are entitled to take discovery and to make investigations regarding [Debtor], his assets, his income and other matters to enable [Movants], *inter alia*, to pursue, further perfect and collect upon their judgments.  The Debtor agrees not to oppose or object to the making of any investigations or the taking of any discovery by [Movants] in any applicable forum and under any applicable laws, rules or procedures whatsoever, for himself and all entities in which he (a) has a beneficial interest (including, without limitation, all corporations, partnerships, trusts or other legal entities in which the Debtor holds equity) or (b) works for in any capacity (including, without limitation, as an agent, manager, employee, officer, director, partner or otherwise)

7.

Upon information and belief, the Debtor now has a business relationship with Sand Tech, Inc. ("ST") and various family controlled "Quickwood" companies.  The extent and nature of the

Debtor's relationship with ST and the various "Quickwood" companies has been shrouded and is unclear.  Specifically, it is unknown (a) when the Debtor's affiliations began, (b) the Debtor's pre-petition relationship with ST and any "Quickwood" companies, (c) whether ST or the "Quickwood" companies owe money or property to the bankruptcy estate, (d) whether ST, the Debtor or anyone related to the "Quickwood" companies has information regarding property rightfully belonging to the Bankruptcy Estate, (e) whether the bankruptcy estate might hold causes of action against ST or anyone related to the "Quickwood" companies or (f) whether ST, the Debtor or anyone related to the "Quickwood" companies has other information relevant to the realization of assets for the Bankruptcy Estate.

8.

Movants request that this Court enter an Order compelling the Respondents to respond to document requests and appear for deposition pursuant to Federal Rules of Bankruptcy Procedure 2004.  Specifically, Movants pray that the Court order compelling the following:

(1) On or before August 23, 2006, ST to produce the documents requested on Exhibit "A" and designate an appropriate representative to appear for examination on August 30, 2006 at 9:00 A.M., at the law offices of Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road, NE, Atlanta, Georgia 30326-1044 (the "Office") and testify about all matters regarding the Debtor, the Debtor's pre-petition assets, issues related thereto and other matters within the scope of 2004 discovery, including particularly his past and present affiliation with ST and any of the "Quickwood" companies.

(2) On or before August 23, 2006, Jacob Mahlerbe to produce the documents requested on Exhibit "A" and appear for examination on September 7, 2006, at

-4-

9:00 A.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets, issues related thereto and other matters within the scope of 2004 discovery, including particularly his past and present affiliation with ST and any of the "Quickwood" companies.

(3)     On or before August 23, 2006, Darlene Cousineau to produce the documents requested on Exhibit "A" and appear for examination on August 31, 2006, at 9:00 A.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets, issues related thereto and other matters within the scope of 2004 discovery, including particularly his past and present affiliation with ST and any of the "Quickwood" companies.

(4)     On or before August 23, 2006, Rhonda Knight to produce the documents requested on Exhibit "A" and appear for examination on September 7, 2006, at 2:00 P.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets, issues related thereto and other matters within the scope of 2004 discovery, including particularly his past and present affiliation with ST and any of the "Quickwood" companies.

(5)     On or before August 23, 2006, Matt Deckard to produce the documents requested on Exhibit "A" and appear for examination on September 6, 2006, at 1:30 P.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets, issues related thereto and other matters within the scope of 2004 discovery, including particularly his past and present affiliation with ST and any of the "Quickwood" companies.

(6)     On or before August 23, 2006, Rose Anna Mahlerbe to produce the documents requested on Exhibit "A" and appear for examination on September 6, 2006, at 9:00 A.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets, issues related thereto and other matters within the scope of 2004 discovery, including particularly his past and present affiliation with ST and any of the "Quickwood" companies.

9.

A Rule 2004 examination is necessary for Movants to investigate ensure the Debtor has not secreted assets from the Bankruptcy Estate or otherwise defrauded his creditors.

10.

The discovery sought herein is authorized by Rule 2004.  See In re Analytical Systems, Inc., 71 B.R. 408, 412 (Bankr. N.D. Ga. 1987)(holding "the Federal Rules relating to discovery and deposition practice apply to Rule 2004 examinations"); In re Discovery Zone, Inc., 2001 Bankr. LEXIS 1253 (Bankr. D. Del. 2001)(approving of the propounding of interrogatories pursuant to Rule 2004).

WHEREFORE, Movants pray that this Court enter an Order (a) directing the

Respondents to comply with the Requests for Production of Documents attached hereto as

Exhibit "A" on or before the 23rd day of August, 2006, (b) directing the Respondents to submit to

examination by Movants at the dates and times set forth above or such other date and time as the

parties may mutually agree, and (c) granting Movants such other and further relief as the Court

deems just and proper.

RESPECTFULLY SUBMITTED, this 31st day of July, 2006.

**MORRIS, MANNING & MARTIN, LLP**

By:/s/ Daniel P. Sinaiko
    Warren W. Wills
    Georgia Bar No. 767400
    Daniel P. Sinaiko
    Georgia Bar No. 648848

    Attorneys for Hansen & Hundebol, Inc. and
    Development Center Hansen & Hundebol, A/S

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 233-7000

-7-

**EXHIBIT "A"**

(1)     All documents reflecting any moneys paid, at any time from April 1, 2000 to the present, to or for the benefit of:

    (a)     Jacob Malherbe
    (b)     Quickwood Sales ApS
    (c)     Quickwood SRL
    (d)     Quickwood ApS
    (e)     Quickwood Holdings ApS
    (f)     Quickwood GmbH
    (g)     Quickwood Italia SRL
    (h)     Q.W. Inc.
    (i)     Quickwood.com
    (j)     Any person or entity known as or d/b/a "Amanda"
    (k)     Any person or entity known as or d/b/a "FON"
    (l)     Anneline Malherbe
    (m)    Victoria Malherbe
    (n)     Rose-Anna Malherbe
    (o)     Bent Malherbe
    (p)     Nina Malherbe Himmer
    (q)     Any other company affiliated with any of (a) through (j) above.

(2)     All documents reflecting any amounts accrued from April 1, 2000 to the present for the account of any person or entity listed in (1) above.

(3)     All statements of account from April 1, 2000 to the present related to or from any person or entity described in (1) above.

(4)     All documents referring to, reflecting or evidencing any sales, purchases, gifts, loans or other transactions of any type from April 1, 2000 to the present with or between/among any person(s) or entities described in (1) above.

(5)     All documents referring to, reflecting or evidencing any sales or other transactions from April 1, 2000 to the present involving any "Quickwood" machinery, parts or accessories.

(6)     All books and records of any entity listed in (1) above or in which any person or entity listed in (1) above has any interest.

(7)     All documents referring to, reflecting or evidencing any ownership interest of Jacob Malherbe or Rose-Anna Malherbe in any business enterprise or other entity (other than shares owed solely by Rose-Anna Malherbe in any U.S. publicly trade company).

(8)     All documents referring to, reflecting or evidencing any assets of Jacob Malherbe (a) as of the present or (b) at any time between January 1, 2002 and the present.

(9)    All documents reflecting any payments or other transfers to any Cayman Island Company or to any bank or trust company in the Cayman Islands.

(10)    All documents referring to, reflecting or evidencing the business of, owners of, persons working for or transactions with (i) "Amanda" or (ii) "FON".

(11)    All documents from April 1, 2000 to the present referring to, reflecting or evidencing any purchases of Quickwood brand equipment or supplies, the transfer of title to such equipment and supplies, the purchase price of an/or bill for such equipment and supplies, and/or the payment for such equipment and supplies.

(12)    Any documents reflecting any agreement existing at any time from January 1, 2000 and the present between Sand Tech, Inc. any of the persons or entities listed in (1) above.

(12)    Other than as produced in response to any of the sub-parts above:

## A.

Each diary, "daytimer", calendar or other paper, computer or other device of Jacob Malherbe which reflects appointments, meetings, engagements or the like for any periods from January 18, 2000 to the present.

## B.

Each document which refers to, reflects or evidences any transactions since January 18, 2000 in which any of the Qwickwood Companies ("Quickwood Companies" shall refer to Quickwood Holdings ApS, Quickwood ApS; Quickwood, Inc., Q.W. Inc., Quickflow, Inc., QuickWood Italia S.R.C., Quickwood S.R.L., Quickwood GmbH, Quickwood.com and each and every other entity, existing in the United States or elsewhere, which is controlled or owned in whole or part by one or more of the following: Jacob Malherbe, Bent Malherbe, Nina Malherbe Himmer, Quickwood Holdings ApS, Quickwood ApS) have been a party.

## C.

Each document which refers to, reflects or evidences (i) the ownership, (ii) the assets, (iii) the bank accounts or (iv) the transactions since January 18, 2000 of:

-2-

(a)      Quickwood.com ;

(b)      a person or entity referred to by Sandtech Inc. as "Amanda"(hereafter, "Amanda"); or

(c)      a person or entity referred to by Sandtech, Inc. as "FON" (hereafter "FON").

### D.

Each document which refers to, reflects or evidences any travel of Jacob Malherbe or any agent of Jacob Malherbe to the Cayman Islands.

### E.

Each document which refers to, reflects or evidences any banking transactions of Jacob Malherbe or any other person or entity that involve an account with a Cayman Island bank or trust company.

### F.

Each document which refers to, reflects or evidences any credits to any of the Quickwood Companies for any amount previously due to Jacob Malherbe or any company with which Jacob Malherbe was affiliated.

### G.

Each document which refers to, reflects or evidences any transactions between (i) Sandtech, Inc. or Jacob Malherbe and either (ii) Amanda or (iii) FON.

### H.

Each document which refers to, reflects or evidences any work done or service provided to Sandtech, Inc. by:  (i) Amanda, (ii) FON; (iii) Quickwood.com; (iv) Quickwood Italia S.R.C.; (v) Quickwood S.R.L. or (vi) any of the other Quickwood Companies.

-3-

I.

Each document which refers to, reflects or evidences any transaction in which Jacob Malherbe or any member of his family was the recipient of any money or other property of a value of $500 or more since January 18, 2000 which you contend was a gift.

J.

Each agreement between (or including ) Jacob Malherbe and the Internal Revenue Service or U.S. Department of the Treasury.

K.

All divorce papers of Jacob Malherbe, including without limitation, all agreements or final decrees.

L.

Each computer of which Jacob Malherbe has had any use.

-4-

**In re Jacob Mahlerbe**
**Case No. 05-66832 in the**
**United States Bankruptcy Court**
**for the Northern District of Georgia**
**Motion For an Order Authorizing**
**Examination Pursuant to Rule 2004**

# EXHIBIT B
## *(Proposed Order)*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-66832-CRM |
| | ) | |
| JACOB MALHERBE, | ) | CHAPTER 7 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE MULLINS |
| | ) | |
| | ) | |
| HANSEN & HUNDEBOL, INC. AND | ) | |
| DEVELOPMENT CENTER HANSEN & | ) | |
| HUNDEBOL, A/S, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAND TECH, INC., JACOB MAHLERBE, | ) | |
| DARLENE COUSINEAU, | ) | |
| RHONDA KNIGHT, MATT DECKARD, | ) | |
| AND ROSE ANNA MAHLERBE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER AUTHORIZING EXAMINATION PURSUANT TO RULE 2004**

Upon consideration of the Motion for an Order Authorizing Examination Pursuant to Rule 2004 (the "Motion") filed by Hansen & Hundebol, Inc. ("HH") and Development Center Hansen & Hundebol, A/S ("DCHH," with HH the "Movants"), it is hereby

ORDERED that Movants' Motion is GRANTED, and that Sand Tech, Inc. ("ST"), Jacob Mahelrbe, Darlene Cousineau, Rhonda Knight, Matt Deckard and Rose Anna Mahlerbe ("Respondents") are directed to produce documents requested by the Requests for Production of Documents set forth on Exhibit "A" to the Motion on or before the 23rd day of August, 2006 and it is

FURTHER ORERED that ST shall designate an appropriate representative to appear for examination on August 30, 2006 at 9:00 A.M., at the law offices of Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road, NE, Atlanta, Georgia 30326-1044 (the "Office") and testify about all matters regarding the Debtor, the Debtor's pre-petition assets and issues related thereto, including particularly his past and present affiliation with ST and any of the "Quickwood" companies; and it is

FURTHER ORDERED that Jacob Mahlerbe shall appear for examination on September 7, 2006, at 9:00 A.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets and issues related thereto, including particularly his past and present affiliation with ST and any of the "Quickwood" companies; and it is

FURTHER ORDERED that Darlene Cousineau shall appear for examination on August 31, 2006, at 9:00 A.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets and issues related thereto, including particularly his past and present affiliation with ST and any of the "Quickwood" companies; and it is

FURTHER ORDERED that Rhonda Knight shall appear for examination on September 7, 2006, at 2:00 P.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets and issues related thereto, including particularly his past and present affiliation with ST and any of the "Quickwood" companies; and it is

FURTHER ORDERED that Matt Deckard shall appear for examination on September 5, 2006, at 1:30 P.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets and issues related thereto, including particularly his past and present affiliation with ST and any of the "Quickwood" companies; and it is

FURTHER ORDERED that Rose Anna Mahlerbe shall appear for examination on September 5, 2006, at 9:00 A.M. at the Office and testify about all matters regarding the Debtor, the Debtor's pre-petition assets and issues related thereto, including particularly his past and present affiliation with ST and any of the "Quickwood" companies; and it is

FURTHER ORDERED that Counsel for Movants shall serve a copy of this Order upon the Debtor, ST and all other parties who have appeared in this case and requested service of pleadings pursuant to Federal Rules of Bankruptcy Procedure, Rule 2002.

Respondents shall have ten (10) days from entry of this Order to object to the Motion and entry of this Order.

SO ORDERED, this _____ day of _____, 2006.

_____
HONORABLE C. RAY MULLINS
United States Bankruptcy Judge

-3-

**<u>Order Prepared and Presented By</u>:**


/s/ Daniel P. Sinaiko
Warren W. Wills
Georgia Bar No. 767400
Daniel P. Sinaiko
Georgia Bar No 648848

Morris, Manning & Martin
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia  30326
(404) 233-7000

Attorneys for Hansen & Hundebol, Inc. and
Development Center Hansen & Hundebol, A/S

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 05-66832-CRM |
| | ) | |
| JACOB MALHERBE, | ) | CHAPTER 7 |
| | ) | |
| | ) | |
| Debtor. | ) | JUDGE MULLINS |
| | ) | |
| | ) | |
| HANSEN & HUNDEBOL, INC. AND | ) | |
| DEVELOPMENT CENTER HANSEN & | ) | |
| HUNDEBOL, A/S, | ) | |
| | ) | |
| Movants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAND TECH, INC., JACOB MAHLERBE, | ) | |
| DARLENE COUSINEAU, | ) | |
| RHONDA KNIGHT, MATT DECKARD, | ) | |
| AND ROSE ANNA MAHLERBE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following:

Jacob Mahlerbe
430 Alcovy Hills Drive
Lawrenceville, GA 30045

G. Frank Nason, IV
Lamberth Cifelli Stokes & Stout, P.A.
550 E. Tower
3343 Peachtree Road, NE
Atlanta, Georgia 30326

*Counsel for Jacob Mahlerbe*

Higgins Dubner
3333 Peachtree Road, N.E.,
Suite 230
Atlanta, Georgia 30326

H. Tucker Dewey, Esq.
Julie C. Chinn, Esq.
Husch & Eppenberger, LLC
200 Jefferson Avenue, Suite 1450
Memphis, TN 38103

*Counsel for Sand Tech, Inc.,*
*Darlene Cousineau, Rhonda*
*Knight, Matt Deckard and Rose*
*Anna Mahlerbe*

Martha Miller
Martha A. Miller, PC
229 Peachtree Street, NE
Suite 2415
Atlanta, GA 30303

with a copy of the Motion of Hansen & Hundebol, Inc. and Development Center Hansen

& Hundebol, A/S for Order Authorizing 2004 Examination by causing a true and correct

copy of the same to be deposited in the United States Mail with sufficient postage affixed

thereto to assure delivery.

This 31st day of July, 2006.

MORRIS, MANNING & MARTIN, L.L.P.

/s/ Daniel P. Sinaiko
Daniel P. Sinaiko
Georgia Bar No. 648848

Attorneys for Hansen & Hundebol,
Inc. and Development Center
Hansen & Hundebol, A/S

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Phone: (404) 233-7000
Facsimile: (404) 365-9532